```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,                         :
                                                  :    DECISION AND ORDER
              v.                                  :    17-CR-709 (WFK)
                                                  :
PHILLIP GONZALEZ and                              :
JACOB CHUBALASHVILI,                              :
                                                  :
              Defendants.                         :
-----------------------------------------------------------------X
```
**WILLIAM F. KUNTZ, II, United States District Judge:**

On January 17, 2018, defendant Jacob Chubalashvili moved the Court to vacate the separation order between himself and his co-defendant Phillip Gonzalez (collectively, "Defendants"). Defendant Gonzalez joined in the motion. The Court reserved decision on the matter and ordered briefing by the parties. For the following reasons, Defendants' motion to vacate the separation order is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

The Government alleges that on August 13, 2017, the defendants Jacob Chubalashvili and Phillip Gonzalez committed a violent gunpoint robbery at a residence in Queens, New York. Gov't Letter dated Feb. 2, 2018 ("Gov't Letter") at 1, ECF No. 27. The Defendants were arrested in early December 2017. *Id.* at 2. On December 11, 2017, the Government wrote a short letter to the United States Marshals Service requesting the Defendants be kept "separated from each other to avoid collusion and the appearance of collusion." Def. Letter dated Feb. 16, 2018 ("Def. Letter") Ex. A, ECF No. 29. As a result, the Defendants have been kept separated at the Metropolitan Detention Center, where they are both incarcerated. On December 27, 2017, a grand jury indicted Defendants on three counts: Hobbs Act Robbery Conspiracy, Hobbs Act Robbery, and Possessing and Brandishing a Firearm During a Crime of Violence. Indictment at 1-2, ECF No. 12.

1

On January 17, 2018, this Court held a status conference. Minute Entry dated Jan. 17, 2018. At the status conference, counsel for defendant Chubalashvili moved orally for the Court to lift the separation order between the two Defendants, and defendant Gonzalez joined in the motion. *Id.* The Court reserved decision on the issue and set a briefing schedule. *Id.*

On February 2, 2018, the Government filed a letter brief in opposition to defendant Chubalashvili's oral motion to lift the separation order. Gov't Letter. On February 16, 2018, defendant Chubalashvili submitted a letter in support of his motion to vacate and in opposition to the Government's letter. Def. Letter. On February 20, 2018, defendant Gonzalez submitted a brief letter informing the Court that he joined in the motion to vacate submitted by defendant Chubalashvili. Def. Gonzalez Letter dated Feb. 20, 2018, ECF No. 30. On February 27, 2018, the Government submitted its reply to the Defendants' letters. Gov't Reply dated Feb. 27, 2018 ("Gov't Reply"), ECF No. 31.

## ANALYSIS

### I. Risk of Collusion or Appearance of Collusion

As initially stated in its request to the U.S. Marshals Service to separate the Defendants, the Government maintains the risk of collusion and improper influence would be high if the Defendants were permitted to be in contact outside the presence of counsel.[1] Gov't Letter at 2. In support of this argument, the Government submitted relevant portions of phone calls which allegedly reveal defendant Gonzalez attempting to collude with his co-defendant Chubalashvili, including by offering to pay for an affidavit exonerating Gonzalez. *Id.* at 2-3. In the two calls cited by the Government, defendant Gonzalez can be heard on the phone with a female caller. *Id.* In the calls, which took place on January 11 and 13, 2018, defendant Gonzalez recounts

---

[1] The Court acknowledges the Government's argument that Defendants should first exhaust their administrative remedies with the Bureau of Prisons, but does not address that argument here. *See* Gov't Letter at 4.

2

interactions with defendant Chubalashvili in which he told Chubalashvili, in sum and substance, that if Chubalashvili told the authorities Gonzalez "had nothing to do with this . . . I'll pay for your lawyer, I'll hold you down, I'll take care of everything[.]" Gov't Letter, Exhibit A 1:10-2:20; *see also* Gov't Letter, Exhibit B 8:23-11:09.

The Government further argues the evidence of Defendants' guilt of the charged robbery is overwhelming, and they are facing mandatory minimum sentences. Gov't Letter at 5. As such, the Government's argument goes, Defendants have every incentive to collude or attempt to influence witnesses, and the recorded calls are evidence defendant Gonzalez, at least, has already pursued an attempt to buy perjured testimony. *Id.*[2]

Defendant Chubalashvili argues "the government has made no allegation that Mr. Chubalashvili had anything to do with [defendant Gonzalez's] alleged misconduct . . . . The government's point must be that the intended misconduct of even one of the two defendants suffices for a separation order." Def. Letter at 3. Defendant Chulashvili further argues that, "[i]f Gonzalez did what the government claims, he got nowhere in his misguided efforts and cannot revive them in the present circumstances." *Id.*

Defendant Chubalashvili's arguments are unpersuasive. Assuming, for the moment, that defendant Chubalashvili had no knowledge and no involvement in defendant Gonzalez's attempts to buy his perjured testimony, the Court cannot imagine, and indeed defense counsel does not offer, an example of a separation order that could penalize only one defendant but not the other in this case. The basic principles of time and space would seem to prevent such an order. Furthermore, contrary to defense counsel's assertion, the fact defendant Gonzalez attempted and failed to buy defendant Chubalashvili's perjured testimony does not obviate the

---

[2] Counsel for defendant Gonzalez has not addressed these recorded calls.

need for a separation order, but rather makes such an order all the more critical. The recorded phone calls show the risk of collusion between these Defendants is far more than "theoretical." *See* Def. Letter at 3.

Defendant Chubalashvili attempts to distinguish cases cited by the Government upholding separation orders on the grounds those orders were based on security concerns. While that may be true, Defendants cite no authority standing for the proposition that the risk of collusion is not a valid basis for a separation order. Furthermore, the underlying charged offense in this action is a violent home invasion robbery, so there are potential security concerns at issue here as well. *See generally* Compl.; Gov't Letter at 5. This Court finds unpersuasive defendant Chubalashvili's argument that issues of inmate safety and prison security are different from the nature of the underlying alleged crime with which Defendants are charged. Def. Letter at 2 (citing *United States v. Ashburn*, 11-CR-303, 2014 WL 1800409, at *14 (E.D.N.Y. May 6, 2014) (Garaufis, J.) and *United States v. Williams*, 02-CR-1372, 2004 WL 1192086, at *1 (S.D.N.Y. May 28, 2004) (Jones, J.)). Rather, the nature of the underlying charged crime only strengthens the justification for the separation order. *See Ashburn*, 2014 WL 1800409, at *14 (citing violent nature of underlying crimes when declining to dissolve separation order).

## II.  Rights Under the Sixth Amendment

Defendant Chubalashvili argues Defendants' "Sixth Amendment right . . . to prepare their defense, including by consulting alone with a co-defendant" is jeopardized by the separation order. Def. Letter at 1. In support of this argument, defendant Chubalashvili cites *United States v. Major*, 676 F.3d 803, 811 (9th Cir. 2012). *Id.* In that case, the district court had ordered the defendants could not have contact with anyone other than their attorneys after hearing evidence the defendants had attempted to learn the names of jurors. *Major*, 676 F.3d at 811. On appeal, one of the defendants asserted this restriction necessarily impeded his preparation for trial. *Id.*

4

The Ninth Circuit "assume[d], without deciding, that a restriction on the communication of a defendant in custody could result in a violation of the Sixth Amendment right to prepare for trial," as defendant Chubalashvili quotes in his letter. *Id.*; Def. Letter at 1. The example the Ninth Circuit cited was that of a defendant prevented from soliciting help from family and friends in obtaining voluntary cooperation of witnesses. *Major*, 676 F.3d at 811. However, the court noted the defendant never identified any evidence or offered any argument to establish how the restriction actually prevented him from preparing for his trial, and found no error by the district court in imposing the order. *Id.*

Unlike the defendants in *Major*, the Defendants here are only prevented from communicating with each other outside the presence of counsel. Similar to the defendants in *Major*, however, the Defendants here fail to identify any evidence or offer any arguments regarding how prohibiting unsupervised communications between the Defendants may prevent them from preparing for trial. *Id.* Defendants are free to arrange joint defense meetings in the presence of their counsel, and district courts have found such a provision in a separation order avoids any Sixth Amendment concerns. *See, e.g., United States v. Wilson*, 216 F. Supp. 3d 566, 575 (E.D. Pa. 2016) (finding at-issue "separation order could not have interfered with the attorney-client relationship because it did not prevent the defendants from communicating with their attorneys . . . [where t]he government also lifted the separation order upon defense counsels' request to permit a joint meeting of the defendants and their lawyers"); *United States v. Henry*, CRIM.A. 06-33-01, 2008 WL 2795140, at *11 (E.D. Pa. July 17, 2008) ("To the extent that defendant's Motion is based on his Sixth Amendment right to a fair trial and to 'adequate pretrial preparation,' . . . defendant's argument lacks merit because, leading up to trial, he was permitted to meet with his brother [and] co-defendant . . . so long as both defendants' attorneys

5

were present."). Given Defendants' ability to communicate with each other in the presence of their respective counsel, there is little, if any, burden on their Sixth Amendment rights to prepare for trial.

## CONCLUSION

The separation order currently in place is necessary to protect the integrity of these proceedings. Defendants' motion to vacate the separation order is hereby denied.

SO ORDERED.

s/William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 9, 2018
      Brooklyn, New York